# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WESLY COOPER,**
**No. 12099-089,**

**Petitioner,**

**vs.**                                          **Case No. 18-cv-1191-DRH**

**WARDEN, FCI-GREENVILLE,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Wesly Cooper, currently incarcerated in the FCI-Greenville,
brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the
constitutionality of his confinement. Specifically, he seeks an order vacating his
firearm conviction under 18 U.S.C. § 924(c). He invokes *Mathis v. United States*,
— U.S. —, 136 S. Ct. 2243, 2250 (2016), and *Sessions v. Dimaya*, — U.S. —,
138 S. Ct. 1204 (2018), to argue that Hobbs Act Robbery is not a crime of
violence within the meaning of § 924(c). (Doc. 1, p. 1).

This case is now before the Court for a preliminary review of the Petition
pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States
District Courts. Rule 4 provides that upon preliminary consideration by the
district court judge, "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, the Court concludes that this action is subject to dismissal.

## Background

On August 30, 2013, Cooper pled guilty to 3 offenses in the Eastern District of Wisconsin. *United States v. Cooper*, Case No. 13-cr-17. (Doc. 132 in that case). Several other counts were dismissed by the Government. On December 5, 2013, Cooper was sentenced to concurrent terms of 60 months on 2 counts of Hobbs Act robbery (counts 1 and 3), in violation of 18 U.S.C. § 1951, and a consecutive sentence of 84 months (7 years) for brandishing a firearm in connection to a crime of violence (the robberies) (count 16), in violation of 18 U.S.C. § 924(c). (Doc. 1, pp. 1-2; Doc. 191 in criminal case).

In the Plea Agreement, Cooper and the Government specifically agreed to a recommended sentence of 7 years for the § 924(c) firearm offense, which would be imposed consecutively to the sentences for the robbery counts. (Doc. 132, pp. 9-10, in criminal case). The Plea Agreement further specified an applicable offense level of 30 for the robberies, subject to the Government recommending a 2-level to 3-level decrease if Cooper conducted himself consistent with his acceptance of responsibility. *Id.* The guideline range in §3D1.4(a) of the United States Sentencing Guideline Manual would apply to the robbery counts. *Id.*

Elsewhere in the Plea Agreement, Cooper waived his right to bring a post-conviction challenge to his conviction or sentence, "including but not limited to a motion pursuant to 28 U.S.C. § 2255." (Doc. 1, p. 14). The waiver excluded a challenge based on "(1) any punishment in excess of the statutory maximum, [and] (2) the sentencing court's reliance on any constitutionally impermissible factor[.]" *Id.*

Notwithstanding the above waiver, Cooper mounted a § 2255 challenge in 2016. *Cooper v. United States*, Case No. 16-cv-557 (E.D. Wisc.). He argued that *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the "residual clause" in 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act – defining a "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another" – was unconstitutionally vague), invalidated his § 924(c) conviction for brandishing a firearm during or in relation to a crime of violence, because Hobbs Act robbery is not a "crime of violence" as defined in § 924(c). (Doc. 6 in Case No. 16-cv-557 (E.D. Wisc.).

On July 20, 2016, the sentencing court rejected that premise and dismissed the § 2255 motion, finding that *Johnson*'s invalidation of the "residual clause" language did not affect Cooper's conviction. Hobbs Act robbery is defined as "'the unlawful taking or obtaining of personal property from' another 'against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property.'" (Doc. 6, p. 2, in Case No. 16-cv-557 (E.D. Wisc.). This definition, the court reasoned, fits within the "elements

clause" of § 924(c)(3)(A), which defines a "crime of violence" as "an offense that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" (Doc. 6, p. 2, in Case No. 16-cv-557 (E.D. Wisc.). Thus, Hobbs Act robbery is properly treated as a crime of violence under § 924(c)(3)(A), and that conviction was unaffected by the *Johnson* decision. The court did not address the Government's argument that Cooper had waived his right to bring a § 2255 motion. (Doc. 6, p. 3, n.2, in Case No. 16-cv-557).

### The Petition

Cooper filed the instant Petition on June 4, 2018. Echoing the argument raised in his § 2255 motion, he argues that the Hobbs Act convictions, under *Mathis* and *Dimaya*, do not qualify as crimes of violence to support a § 924(c) conviction. According to Cooper, Hobbs Act robbery is merely common-law robbery with an interstate commerce element, and common-law robbery can be committed without using any force at all. (Doc. 1, pp. 1-3, 5-9). He urges this Court not to follow the ruling in *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017), because it "did not consider the rules of statutory construction" in holding that the Hobbs Act qualified as a crime of violence. (Doc. 1, p. 1). He reasons that because *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), found that the residual clause in 18 U.S.C. § 16(b) was unconstitutionally vague, the similarly-worded residual clause found at § 924(c)(3)(B) is also invalid. (Doc. 1, p. 4).

Cooper asks this Court to vacate his § 924(c) conviction. He does not challenge the Hobbs Act convictions or sentences.

**Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, Cooper is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that Cooper may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner

under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

The undersigned Judge has found in some cases that a collateral attack based on *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), against a career-offender-enhanced sentence facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e). *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Wadlington v. Werlich*, No. 17-cv-449-DRH (S.D. Ill. July 17, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Warren v. Werlich*, No. 17-cv-

84-DRH (S.D. Ill. Mar. 27, 2017). As to the second condition above, however, because the decision in *Mathis* was announced on June 23, 2016, during the pendency of Cooper's § 2255 action, he could have invoked that case in the reply he filed on July 11, 2016. (Doc. 5 in Case No. 16-cv-557 (E.D. Wisc.)). But more to the point, Cooper's arguments premised on *Mathis* and *Dimaya* are unpersuasive here, in light of the Seventh Circuit precedent explained in *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017), and subsequent cases, which this court is bound to follow.

Section 924(c)(3), which defines the term "crime of violence" as used in §924(c) for the imposition of an additional sentence when a firearm is used, has two subparts: the "elements clause" in (A), and the "residual clause" in (B). In *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017), the appellate court held that even though under *Johnson*, the residual clause language found at § 924(c)(3)(B) is unconstitutionally vague, a Hobbs Act robbery was still properly considered a "crime of violence" for sentence-enhancement purposes, because it met the definition stated in the "elements clause" at § 924(c)(3)(A). Section 924(c)(3)(A) defines a "crime of violence" to include any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" *Anglin*, 846 F.3d at 965. The court noted that this result was consistent with the conclusions reached by all the other federal appellate courts that had considered the issue. *Id.*

The Supreme Court later vacated the judgment in *Anglin*, 138 S. Ct. 126, 199 L. Ed. 2d 1 (2017), and remanded the case to the Seventh Circuit for reconsideration of the sentence in light of *Dean v. United States,* 581 U.S. —, 137 S. Ct. 1170 (2017). The Seventh Circuit has since observed that the Supreme Court's disposition of *Anglin* has not affected the portion of its ruling on the Hobbs Act, however. *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1603 (2018), *reh'g denied*, No. 17-1338, 2018 WL 2465214 (U.S. June 4, 2018). In *Fox*, the Seventh Circuit reaffirmed that "Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A)." *Fox*, 878 F.3d at 574. *See also United States v. St. Hubert*, 883 F.3d 1319, 1334 (11th Cir. 2018) ("attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause"); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) (Hobbs Act robbery is a "crime of violence" as defined in § 924(c)(3)(A)); *United States v. Hill*, 832 F.3d 135, 140–44 (2d Cir. 2016) (same).

Cooper argues that the Court should analyze the Hobbs Act robbery conviction as "common-law robbery with an interstate element," using the approach outlined in *Mathis*, and should find that § 924(c)(3)(B) is unconstitutionally vague, thus invalidating his § 924(c) conviction. But this Court must follow the Seventh Circuit's precedent as articulated in *Anglin* and *Fox.* These cases clarify that the elements clause at § 924(c)(3)(A), not the residual clause, provides the foundation for a Hobbs Act robbery to qualify as a "crime of

violence." As such, Cooper's conviction under § 924(c) for using/brandishing a firearm in connection with a crime of violence was proper.

This action shall therefore be dismissed.

## **Disposition**

To summarize, Cooper has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, he cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the Petition is summarily **DISMISSED** with prejudice.

If Cooper wishes to appeal this dismissal, he may file a notice of appeal with this court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* must set forth the issues Cooper plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Cooper does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day

deadline cannot be extended.  It is not necessary for Cooper to obtain a certificate

of appealability from this disposition of his § 2241 Petition.  *Walker v. O'Brien*,

216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.06.27
16:55:17 -05'00'

**United States District Judge**